IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 4:21-cv-00283-SMR-SHL |
| ) | |
| Plaintiff, ) | ORDER GRANTING MOTION FOR A |
| ) | PRELIMINARY INJUNCTION |
| v. ) | |
| ) | |
| DANIEL GINGERICH, ) | |
| ) | |
| Defendant. ) | |

On September 28, 2021, this Court granted a Motion for a Temporary Restraining Order ("TRO") by Plaintiff United States of America. [ECF No. 4]. Pursuant to Federal Rule of Civil Procedure 65, an expedited hearing on the Motion for Preliminary Injunction was held on October 8, 2021. [ECF No. 10].

At the hearing, Plaintiff stated that Defendant was not in substantial compliance with the TRO and requested the Court convert the TRO into a preliminary injunction. Defendant appeared at the hearing[1] and acknowledged that he was not in compliance with the Animal Welfare Act ("AWA") but expressed a desire to cooperate with the Government to resolve the issue regarding his non-compliant dog breeding operations. When asked by the Court, he said that he would agree to surrender any dogs in his possession which were in "acute distress," as determined by a United States Department of Agriculture ("USDA") veterinarian.

At the conclusion of the hearing, the Court found Defendant was still in violation of the AWA by placing his dogs in "serious danger" and granted Plaintiff's motion for a preliminary

---

[1] Defendant was not represented by counsel during the hearing and counsel has yet to file an appearance on his behalf. He indicated to the Court during the hearing that he does not intend to retain legal representation at this point.

1

injunction, as required by the statute. 7 U.S.C. § 2159(b) ("The court shall, upon proper showing, issue a temporary restraining order or injunction.").

Defendant Daniel Gingerich, along with his agents, servants, employees, and anyone who works in active concert with him shall:

(1) provide to counsel for the United States, within 14 days of this Order, accurate and complete acquisition and disposition forms for each and every dog acquired by birth or transfer or disposed of by death, euthanasia, or transfer in the preceding 12 months consistent with 9 C.F.R. § 2.75. The records must include:

> a. any offspring born of any animal while in Defendant's possession or under his control, including the offspring of any dog located at any of the licensed or unlicensed sites identified during the October 8, 2021, hearing;
>
> b. the name and address of the person from whom a dog was purchased or otherwise acquired;
>
> c. the USDA license or registration number of the person from whom the dog was purchased or otherwise acquired if that person is licensed or registered under the Act;
>
> d. the vehicle license number and State, and the driver's licensed number (or photographic identification card for nondrivers issued by a State) and State of the person whom the dog was purchased or otherwise acquired if he or she is not licensed or registered under the Act;
>
> e. the name and address of the person to whom a dog was sold or given and that person's license or registration number if he or she is licensed or registered under the Act;
>
> f. the official USDA tag number or tattoo assigned to the dog sold or disposed of;
>
> g. a description of each dog, including:

    i. species and breed or type;

    ii. sex;

    iii. date of birth or approximate age;

    iv. color and any distinctive markings;

  h. the method of transportation including the name of the initial carrier or intermediate handler or, if a privately owned vehicle is used to transport a dog, the name of the owner of the privately owned vehicle;

  i. the date and method of disposition of the dog (sale, death, euthanasia, or donation).

  (2) immediately and permanently surrender any and all dogs under his possession, control, or care at his licensed or unlicensed sites that a veterinarian of the United States Department of Agriculture finds to be in "acute distress."

  (3) provide to counsel for the United States of America within 7 days of this Order a list of every location at which they have any dogs that are intended for breeding or sale but were not already been provided as required by this Court's September 28, 2021 Order;

  (4) provide to counsel for the United States of America within 7 days of this Order an animal inventory for each location identified in paragraph (1), listing the breed, sex, age, and unique identification number of each and every dog at each of the identified locations which have not already been provided as required by this Court's September 28, 2021 Order;

  (5) assign within 7 days of this Order a unique identification number to each dog listed on the inventories provided pursuant to paragraph (2), consistent with 9 C.F.R. § 2.50(a)(1) to the extent it has not already been assigned as required by this Court's September 28, 2021 Order;

  (6) ensure that, within 14 days of this Order, every dog listed on the inventories receives a "complete physical examination from head to tail," as required by 9 C.F.R. § 3.13(a)(2), by a

licensed veterinarian other than Dr. William McClintock or any other veterinarian associated with Country Village Animal Clinic, Centerville, Iowa which have not already been provided as required by this Court's September 28, 2021 Order;

(7) provide complete veterinary records for the "complete physical examinations" required by paragraph (4) and any veterinary care otherwise provided to any dog to counsel for the United States within 7 days of the animal being seen by a veterinarian which have not already been provided as required by this Court's September 28, 2021 Order;

(8) provide to counsel for the United States within 7 days of this Order up-to-date written programs of veterinary care that comply with 9 C.F.R. § 2.40(b) and § 3.13(a) for each location identified in paragraph (1) if not already provided as required by this Court's September 28, 2021 Order;

(9) ensure that a licensed veterinarian, other than Dr. William McClintock or any other veterinarian associated with Country Village Animal Clinic, Centerville, Iowa, documents the vaccination status of every dog identified in paragraph (2), timely vaccinates all dogs consistent with the vaccination schedule set out in the relevant written program of veterinary care, and accurately documents the vaccinations for those dogs to the extent this has not been completed as required by this Court's September 28, 2021 Order.  The veterinarian shall make those documents available to the USDA Animal and Plant Health Inspection Service inspectors upon request;

(10) immediately cease from acquiring by birth or transfer or disposing by euthanasia or transfer any dogs listed on the inventories in paragraph (2) without the consent of the United States or a court order;

(11) in the case of any dogs who are already pregnant at the time of this Order, provide notice to counsel for the United States within 72 hours of the birth of any puppies, including the

number of puppies born, the identification number of the dam, and the identification numbers assigned to the puppies, see 9 C.F.R. § 2.50(a)(1); see also 9 C.F.R. § 2.75; and

(12) if any dogs listed on the inventories provided pursuant to paragraph (2) die, have a licensed veterinarian, other than Dr. William McClintock or any other veterinarian associated with Country Village Animal Clinic, Centerville, Iowa, confirm the death in person and document the condition of the dog; the veterinarian's record of death must be provided to counsel for the United States with 72 hours of the death of the animal.

IT IS SO ORDERED.

Dated this 13th day of October, 2021.

_____
STEPHANIE M. ROSE, JUDGE
UNITED STATES DISTRICT COURT