IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:21-cv-00283-SMR-SHL |
| Plaintiff, | ) ) ) | CONSENT DECREE |
| v. | ) ) | |
| DANIEL GINGERICH, | ) ) | |
| Defendant. | ) | |

This Consent Decree is entered into by and between Plaintiff, the United States of America, and Defendant, Daniel Gingerich, (collectively, "the Parties") who state as follows:

WHEREAS, on September 27, 2021, the United States filed a complaint in this action, alleging that Defendant violated the Animal Welfare Act ("AWA") and its regulations and standards by placing the health of the dogs in his possession, control and/or care in serious danger, 7 U.S.C. § 2159;

WHEREAS, the United States moved for a temporary restraining order on September 27, 2021;

WHEREAS, the Court issued a temporary restraining order on September 28, 2021, finding that Defendant had placed the health of the dogs in his possession, control and/or care in serious danger by failing to provide adequate veterinary care, adequate nutrition and potable water, and safe and sanitary facilities to house the dogs;

WHEREAS, the temporary restraining order required Defendant to, in part, provide an inventory identifying each and every dog intended for breeding or sale at any and every location at which Defendant was housing such dogs;

WHEREAS, the inventoried dogs are protected by the AWA and its accompanying regulations and standards;

WHEREAS, on October 13, 2021 the Court granted the United States' motion for preliminary injunction, adding to the requirements set out in the temporary restraining order a requirement that Defendant provide complete and accurate acquisition and disposition records within 14 days of the Court's order and ordering Defendant to permanently surrender any dogs a

U.S. Department of Agriculture veterinarian determines to be in "acute distress;"

WHEREAS, the Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and will avoid litigation between the Parties and that this Consent Decree if fair, reasonable, and in the public interest.

NOW, THEREFORE, with the Consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

1. This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331, 1345 and 7 U.S.C. § 2146(c) (actions arising under the AWA), and over the Parties. Venue lies in this district pursuant to 7 U.S.C. § 2159 and 28 U.S.C. § 1391(b)(2), because the violations alleged in the Complaint are alleged to have occurred in this judicial district and Defendant does business in this judicial district. For purposes of this Decree, or any action to enforce this Decree, Defendant consents to the Court's jurisdiction over this Decree and any such action and over Defendant, and consents to venue in this judicial district.

2. The obligations of this Consent Decree apply to and are binding upon the United States and upon Defendant, individually or through any employees, successors, assigns, or other entities or persons otherwise bound by law.

3. Defendant shall provide a copy of this Consent Decree to all employees and agents whose duties might reasonably include compliance with any provisions of this Decree. In any action to enforce this Consent Decree, Defendant shall not raise as a defense his failure to provide a copy of this Consent Decree to any employee or agent or the failure by any employee or agent to take any actions necessary to comply with the provisions of this Consent Decree.

4. Defendant confirms that every dog he has any interest in whatsoever is listed in Attachment A. Defendant confirms that he legally owns the dogs identified in Attachment A and the offspring of those dogs and that no other person has any rights or interests in the dogs. Defendant agrees to immediately abandon his right, title, and interest in the dogs listed in Attachment A, including any offspring they may have. Defendant understands that, once the Animal Rescue League of Iowa takes possession of the dogs, title to the dogs and their offspring may vest in anyone. Defendant permanently relinquishes any right to direct or control to whom title vests and has no intention of resuming or reasserting title to the dogs and their offspring.

5. Defendant agrees that he will provide adequate care, including food, potable water, shelter, and veterinary care, to the dogs listed in Attachment A and their offspring until the Animal Rescue League of Iowa takes physical possession of the dogs.

6. The Animal Rescue League of Iowa shall take physical possession of the dogs no later than 14 days after the Court enters the Consent Decree.

7. The United States shall provide Defendant with 24 hours' notice before arriving at one of the licensed or unlicensed sites to take possession of the inventoried dogs. Defendant shall ensure that the inventoried dogs are available and accessible at the time specified by the United States. Defendant shall ensure that he or a site manager is available for the entire time that the Animal Rescue League of Iowa is at the site to remove the inventoried dogs.

8. The United States will be assisted by state or local authorities or other entities in the removal of any of the inventoried dogs. Defendant and his employees and agents agree to cooperate with the officials present for the seizure, to fulfill all reasonable requests to ensure that the dogs are accessible, and to not interfere with such officials.

9. Defendant shall permanently refrain from any activity requiring an AWA license.

10. The Order entering this Decree may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the Parties filed with and approved by the Court, or upon written motion filed by one of the Parties and granted by the Court. In the event that either party seeks to modify the terms of this Decree or in the event of a dispute arising out of or relating to this Decree, or in the event that either party believes that the other party has failed to comply with any term or condition of this Decree, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim or modification. The Parties agree that they will meet and confer at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. The Parties agree that they may meet and confer by phone. If the Parties are unable to resolve the claim themselves, either party may seek relief from the Court.

11. The dispute resolution provision in Paragraph 10 shall not apply, and nothing in this Decree will limit the available relief, if the United States obtains evidence that Defendant has an interest in additional dogs not listed in Attachment A, that any of the dogs listed in Attachment A or later discovered are in immediate danger or are being transferred in violation of the Court's orders or the terms of this Consent Decree.

12. This Consent Decree in no way limits or affects any right of entry and inspection, or any right to obtain information, held by the United States pursuant to applicable federal laws, regulations, or licenses, nor does it limit or affect any duty or obligation of Defendant to maintain documents, records, or other information imposed by applicable federal or state laws, regulations, permits, or Court orders.

13. The Consent Decree resolves the civil claims of the United States for the violations alleged in this Complaint filed in this action through the date of lodging of this Consent Decree.

14. Within 7 days of taking possession of all of the dogs listed in Attachment A and their offspring, the United States shall move to dismiss the Complaint in this action. Dismissal of the Complaint moots any pending discovery requests served in this case.

15. The United States reserves all legal and equitable remedies available to enforce the provisions of this Consent Decree. This Consent Decree shall not be construed to limit the rights of the United States to obtain future injunctive relief under the AWA, and its regulations or standards, or under other federal laws, regulations, or license conditions, except as expressly provided herein.

16. The United States expressly reserves the right to seek any other relief it deems appropriate for any violation by Defendant of this Decree or applicable law, including but not

limited to an action against Defendant for statutory penalties, additional injunctive relief, and/or contempt.

17. Defendant releases and forever discharges the United States, including but not limited to the United States Department of Justice, USDA, and any other federal, state or local law enforcement agency, and the government agencies' agents (including the Animal Rescue League of Iowa), contractors, and employees, acting in their individual or official capacities, from any and all claims, rights or causes of action, damages, expenses and costs, known or unknown, which Defendant has or may have against these government agencies and/or their employees, agents, and contractors arising from, related to, or as a result of, any actions with respect to this litigation.

18. In any subsequent judicial proceeding initiated by the Attorney General for injunctive relief, civil penalties, other appropriate relief relating to Defendant's violations, Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the Attorney General in the subsequent proceeding were or should have been brought in the instant case, except with respect to claims that have been specifically resolved pursuant to Paragraph 13.

19. Nothing in this Decree shall be construed or offered as evidence in any proceeding as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Decree or any similar claims brought in the future by any other party. Except as expressly provided in this Decree, none of the Parties waives or relinquishes any legal rights, claims or defenses it may have. This Decree is executed for the

purpose of settling Plaintiff's Complaint, and nothing herein shall be construed as precedent having preclusive effect in any other context.

20. This Consent Decree is not a license, or a modification of any license, under any federal, state, or local laws or regulations. Defendant is responsible for achieving and maintaining complete compliance with all applicable federal, state, and local laws, regulations, and licenses; and Defendant's compliance with this Consent Decree shall be no defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein. The United States does not, by its consent to the entry of this Consent Decree, warrant or aver in any manner that Defendant's compliance with any aspect of this Consent Decree will result in compliance with the AWA, or with any other provisions of federal, state, or local laws, regulations, or licenses.

21. This Consent Decree does not limit or affect the rights of Defendant or of the United States against any third parties, not party to this Consent Decree, nor does it limit the rights of third parties, not party to this Consent Decree, against Defendant, except as otherwise provided by law.

22. The Parties shall bear their own costs of this action, including attorneys' fees.

23. This Consent Decree shall be binding upon the Parties as of the date upon which this Consent Decree is signed and lodged with the Court, unless otherwise provided expressly herein. In the event that the Court declines to enter the Consent Decree, then the requirement to perform duties required by this Consent Decree shall terminate.

24. This Consent Decree constitutes the entire agreement among the Parties regarding the subject matter of the Consent Decree and supersedes all prior representations, agreements

and understandings, whether oral or written, concerning the subject matter of the subject matter of the Decree herein.

25. The undersigned Parties and/or their representatives certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

26. Notwithstanding the dismissal of this action, however, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify or enforce such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

27. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment of the Court as to the United States and Defendant.

IT IS SO ORDERED.

Dated this 2nd day of November, 2021.

_____
STEPHANIE M. ROSE, JUDGE
UNITED STATES DISTRICT COURT